## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

**BOBBY CLARK,** *et al.,*

        Plaintiffs,

vs.

                                                          No. CIV 2:96-141 LCS/LFG

**GALLUP AUTO SALES, INC.,** *et al.,*

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs' Motion for an Order to Enjoin Further Violations of the Truth in Lending Act and Defendants' Motion to Exclude Class Certification, both filed on December 3, 1998. The Court, having considered the pleadings, the memoranda and oral argument provided by the parties and the applicable law, finds that Defendants' Motion is well-taken and it will be granted. Plaintiffs' Motion is not well-taken and it will be denied.

Defendants sell automobiles. As a condition of extending credit, they require purchasers to agree to insure the vehicles during the repayment period. If the purchaser fails to keep the vehicle insured, Defendants charge them a $75 surcharge each month the vehicle remains so. Each time Defendants levy the surcharge, they issue a disclosure statement which contains, *inter alia,* the amended amount financed (consisting of the original amount plus the surcharges), and the amended Annual Percentage Rate (consisting of the original annual percentage rate increased by the percentage attributable to amortizing the $75 over the entire span of the loan). This represents the actual cost of the loan if the purchaser secures insurance before any more surcharges accrue.

1

Plaintiffs contend that this disclosure statement violates the Truth in Lending Act, 15 U.S.C. Sec. 601 et seq. ("TILA").  They contend that the Defendants' computational method grossly understates the actual cost of credit, and that the proper method under TILA is to show in each addendum the amount financed as the amount remaining to be paid, as the surcharge essentially creates a new loan.  Further, they say that the annual percentage rate should be computed by adding to the amount remaining $75.00 times the number of months remaining on the contract, in effect, assuming that the customer will not obtain insurance during the life of the loan. The difference in these methods is significant; in a scenario cited by both parties, Defendant's computational method showed  an increase in A.P.R. from 26.00 % to 26.49% for a single surcharge, and from 26.49% to 26.99% for a second monthly surcharge ; under  Plaintiff's computational method, the A.P.R. increased from 26% to 44% at the time of the first surcharge and would remain the same after the second surcharge.[1]

Plaintiffs seeks to enjoin the Defendants from using their computational methods, and to require them to use Plaintiff's method.  In order to obtain injunctive relief,  Plaintiffs must establish:

> 1. They will suffer irreparable injury unless the injunction is granted;
> 2. The threatened injury outweighs any damage the injunction would cause the defendant;
> 3. The issuance of the injunction will not be adverse to the public interest;
> 4. There is a substantial likelihood that they will prevail on the merits.

*Key v. Chrysler Motor Corp.,* 119 N.M. 267, 274, 889 P.2d 875, 882 (Ct.App. N.M. 1995).  The briefs address only the last element.

---

[1] Plaintiffs did not point out that, under their method, the A.P.R would decrease every month after the purchaser reinsured the vehicle.

Plaintiffs contend that the purpose of TILA was to require creditors to compute and state the cost of credit precisely and uniformly, so that consumers could meaningfully and efficiently compare the cost of credit offered by different lenders, citing *Herrera v. First Northern Savings and Loan*, 805 F.2d 896, 900 (10th Cir. 1986). However, since the parties do not cite to any examples of how this type of charge is treated in other jurisdictions, the Court is unable to determine whether uniformity exists. Accordingly, its analysis is limited to determining which computational method more precisely computes the actual cost of credit.

In the present case, Defendants require their customers to maintain insurance beyond the state mandated liability coverage as a condition for extending credit. Although clearly a cost incident to the extension of credit, the premiums for this insurance coverage are not considered part of the finance charge because Defendants disclose to the purchasers that the insurance may be obtained from a person of the purchaser's choice. See 12 C.F.R. Sec. 226.4(d)(2)(i). However, if the purchaser does not maintain insurance, Defendants impose the $75.00 surcharge each month the vehicle remains uninsured. As this is analogous to a monthly premium for insurance not obtained from a person of the purchaser's choice, it must be included in the finance charge.

Plaintiffs' method of computing the Annual Percentage Rate assumes that once the purchaser lets her insurance lapse, she will not reinstate it, and accordingly, she will continue to pay the $75.00 surcharge every month for the life of the loan. Defendants, however, produced uncontradicted evidence that buyers in fact rarely pay more than one or two surcharges, probably because the surcharge is considerably higher than the cost of insurance. Accordingly, their

method - recomputing the Annual Percentage Rate each month the surcharge is imposed, assuming each time that the purchaser will obtain insurance before any more surcharges could accrue - precisely predicts what the credit actually ends up costing in the vast majority of cases. Accordingly, I find that the Defendant's computations and disclosures do not violate the purposes served by TILA.

That Defendant's disclosures do not violate the spirit of TILA is not enough, however. Even technical violations result in liability, as strict compliance is required. *Semar v Platte Valley Fed. S. & L. Ass'n,* 791 F.2d 699, 703-04 (9th Cir. 1986). Plaintiffs contend that under 12 C.F.R. Sec. 226 Appendix J, the Annual Percentage rate must be computed by multiplying the unit period rate by the number of unit periods in a year. As the unit period rate is $75.00 per month, the A.P.R. must be determined by multiplying the $75.00 times twelve. The problem with Plaintiff's position is shown in the preceding paragraph. Because of the sporadic and contingent nature of the surcharge, it is inaccurate to assume that there will be twelve unit periods per year. Accordingly, I find that Defendants' method of computing the annual percentage rate is not a technical violation of TILA.

Plaintiffs also contend that the addendum issued by Defendants violates TILA because it does not contain a new payment schedule, a statement of the security interest and the description of the secured property. Regarding the new payment schedule, it is possible to keep making the same payments as were made before the surcharge was imposed, but with a larger final payment.[2] The amount of the final payment should, of course, be seasonably disclosed. In a somewhat

---

[2] Under Plaintiffs' method, if a purchaser reinstated her insurance after a surcharge was imposed, the Defendants would have to provide a new coupon book each month as the A.P.R. decreased. See footnote 1.

4

analogous situation, the Third circuit, discussing late payment surcharges, stated that " the Turth in Lending Act mandates disclosure only of specific monetary sums, in addition to the amounts already due under the loan, that are imposed because of late payment of an installment or installments." *Johnson v. McCrackin-Sturman Ford, Inc.*, 527 F.2d 257, 266 (3d Cir. 1975). As to the other terms, Plaintiffs do not cite to any authority that an addendum must contain them. Accordingly, the Court finds that Defendants' addendum does not violate TILA. Since Plaintiffs' claim does not have a substantial likelihood of success on the merits, their Motion for an Order Enjoining Further Violations of Truth in Lending Act will be denied.

Defendant's Motion to Exclude Class Certification contends that Plaintiffs should not be allowed to certify a new class based on the claim that they received the new addendum if the new addendum does not violate TILA. For the reasons stated above, the Court agrees that Plaintiffs may not bring the claim. Accordingly, the Motion will be granted.

**NOW THEREFORE, IT IS ORDERED** that Plaintiffs' Motion for an Order to Enjoin Further Violations of Truth in Lending Act (docket entry # 118) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Class Certification (docket entry # 120) is **GRANTED.**

_____
Leslie C. Smith
United States Magistrate Judge